### UNITED STATES of America

v.

### Michael RIVERS.

### Case No. 6:13–cr–87–Orl–40TBS.

United States District Court, M.D. Florida, Orlando Division.

Signed July 31, 2014.

Christopher W. Laforgia, Daniel W. Eckhart, U.S. Attorney's Office, Orlando, FL, for United States of America.

## ORDER

PAUL G. BYRON, District Judge.

This cause comes before the Court on Defendant Michael Rivers' Petition to Set Aside the Forfeiture Money Judgment and Preliminary Order of Forfeiture (Doc. 214) and the United States' Response to Michael Rivers' Motion to Set Aside the Forfeiture Money Judgment and Preliminary Order of Forfeiture (Doc. 219). The matter being ripe for consideration and for the reasons set forth herein, the Court denies Defendant Michael Rivers' Motion to Set Aside Forfeiture Money Judgment and Preliminary Order of Forfeiture.

## I. BACKGROUND

On March 4, 2013, a Criminal Complaint was filed against Defendant Michael Rivers charging him with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. (Doc. 1). The grand jury, sitting in Orlando, Florida, returned an indictment charging Defendant Michael Rivers and his wife, Defendant Kim Rivers, with conspiracy to commit wire fraud. (Doc. 20). Defendant Michael Rivers was arraigned on the indictment on April 26, 2013. (Doc. 38). The indictment notified Defendant Michael Rivers that the United States was seeking forfeiture of certain property. (*Id.* at pp. 5–7). Defendant Michael Rivers was arrested in the Eastern District of New York, had his initial appearance, was detained, and was ordered to be committed to the Middle District of Florida. (Docs. 22, 23, 24).

On January 30, 2014, Defendant Michael Rivers moved the Court to permit a Joint Meeting of Co–Defendants and their respective counsel (Doc. 115), which the Court granted (Doc. 116). On February 5, 2014, the First Superseding Indictment was returned (Doc. 117) and Defendant Michael Rivers was arraigned on February 11, 2014 (Doc. 124). The First Superseding Indictment notified Defendant Michael Rivers that the United States was seeking forfeiture of certain property. (Doc. 117, pp. 8–10). On February 19, 2014, the Second Superseding Indictment was returned (Doc. 130) and Defendant Michael Rivers was arraigned on February 26, 2014 (Doc. 135). Defendant Michael Rivers waived his right to personally appear at the February 26, 2014 arraignment on the Second Superseding Indictment. (Doc. 136). The Second Superseding Indictment notified Defendant Michael Rivers that the United States was seeking forfeiture of certain property. (Doc. 130, pp. 9–12). On March

20, 2014, the United States filed its Notice of Maximum Penalty, Elements of Offense, and Factual Basis. (Doc. 155).

On March 20, 2014, Defendant Michael Rivers appeared before Magistrate Judge Thomas Smith and pleaded guilty to all twenty-one counts of the Second Superseding Indictment. (Doc. 156). The transcript of the March 20, 2014 plea colloquy is docketed at Docket Entry 212. District Judge Charlene Honeywell subsequently adopted the Report and Recommendation of Magistrate Judge Smith (Doc. 159) and accepted Defendant Michael Rivers' guilty plea on March 21, 2014 (Doc. 170). Pursuant to Defendant Michael Rivers' plea agreement, Defendant Michael Rivers faces a maximum of twenty years in prison on Count One of the Second Superseding Indictment alone.

On March 20, 2014, Defendant Kim Rivers entered into a plea agreement wherein she agreed to plead guilty to Counts Nineteen, Twenty, and Twenty–One of the Second Superseding Indictment in exchange for the United States dismissing Counts One through Eighteen as to her. (Doc. 154). District Judge Charlene Honeywell subsequently adopted the Report and Recommendation of Magistrate Judge Smith (Doc. 166) and accepted Defendant Kim Rivers' guilty plea on March 25, 2014 (Doc. 173). Pursuant to Defendant Kim Rivers' plea agreement, Defendant Kim Rivers faces a minimum of two years and maximum of six years in prison.

On April 1, 2014, the United States filed its Motion for Entry of a Forfeiture Money Judgment and a Preliminary Order of Forfeiture. (Doc. 175). On June 12, 2014, the Court granted the motion and entered a Forfeiture Money Judgment and a Pre-

liminary Order of Forfeiture. (Doc. 201). Beginning June 16, 2014 and ending July 15, 2014, the United States published notice of criminal forfeiture for Defendant Michael Rivers' forfeitable property. (Doc. 215).

The first time this Court was made aware of Defendant Michael Rivers' displeasure with his plea agreement was on July 14, 2014 when Defendant Michael Rivers filed the instant Petition to Set Aside the Forfeiture Money Judgment and Preliminary Order of Forfeiture. (Doc. 214.).[1] In his petition to set aside, Defendant Michael Rivers argues that the preliminary order of forfeiture should be set aside because his attorney never filed objections, despite his instruction. (Id. at 2).

## II. ISSUE

Defendant Michael Rivers requests that the forfeiture money judgment and the preliminary order of forfeiture be set aside due to his counsel's failure to file objections. (Id.). Therefore, the Court must determine whether there is any basis for setting aside the forfeiture money judgment or the preliminary order of forfeiture. The Court finds none.

## III. DISCUSSION

Federal Rule of Criminal Procedure 32.2(b) governs the procedure for preliminarily ordering the forfeiture of property involved in or derived from crime. Rule 32.2(b)(1)(A) provides:

> As soon as practical ... after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine

---

1. Subsequently, on July 18, 2014, Defendant Michael Rivers also filed a Verified Motion to Withdraw Guilty Plea, alleging that he had been threatened and coerced into pleading

guilty by his own attorney. (Doc. 217). The Court denied Defendant Michael Rivers' Verified Motion to Withdraw Guilty Plea on July 22, 2014, 2014 WL 3611294 (Doc. 218).

what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

Fed.R.Crim.P. 32.2(b)(1)(A). In determining the nexus of the property and the criminal offense and the amount of a money judgment, the court may consider any evidence already in the record, the plea agreement, and any other evidence submitted by the parties. Fed.R.Crim.P. 32.2(b)(1)(B). Any party who contests the forfeiture of specified property may object and request a hearing. *See id.* Upon finding that property is subject to forfeiture, the court "*must* promptly enter a preliminary order of forfeiture." Fed. R.Crim.P. 32.2(b)(2)(A) (emphasis added).

■ Here, Defendant Michael Rivers fails to show any basis why the Court's entry of the forfeiture money judgment and the preliminary order of forfeiture was improper. Defendant Michael Rivers does not allege that the Court failed to follow any aspect of Federal Rule of Criminal Procedure 32.2 or otherwise improperly entered the forfeiture money judgment or the preliminary order of forfeiture. In the preliminary order of forfeiture, the Court found that the United States "established the requisite nexus" between the property sought to be forfeited and the crimes for which Defendant Michael Rivers was charged. (Doc. 201, p. 2). Therefore, the Court properly "determine[d] whether the government ha[d] established the requisite

nexus between the property and the offense." Fed.R.Crim.P. 32.2(b)(1)(A). Accordingly, the Court was required to "promptly enter [the] preliminary order of forfeiture." Fed.R.Crim.P. 32.2(b)(2)(A).

Defendant Michael Rivers merely alleges that his attorney at the time did not file objections to the preliminary order of forfeiture, despite his instruction. (Doc. 214, p. 2). Defendant Michael Rivers makes no other allegations in his petition. However, at no point did Defendant Michael Rivers object to forfeiture. Defendant Michael Rivers was arraigned on three separate occasions and never once objected to the United States' pursuit of forfeiture. Moreover, at Defendant Michael Rivers' plea colloquy on March 20, 2014, Magistrate Judge Smith ensured that Defendant Michael Rivers understood that specific property in which he may hold an interest was subject to forfeiture:

> **THE COURT:** In addition to these crimes, this Indictment seeks the forfeiture from you of all of your right, title and interest in specific property, including money from a Wells Fargo Bank account, money in Attorney Charles Greene's trust account, money in the Benford Law Firm's Trust Account, currency, three motor vehicles, and a money judgment in the amount of $1,224,284.28. Do you understand that the government is also seeking the forfeiture from you of all of this property?
>
> **MR. CHEMLIR:**[2] He does and I've discussed this with the government. He's entering a plea to all the substantive charges today, and I believe the forfeiture will be dealt with at a later time.

---

2. Mr. Chemlir represented Defendant Michael Rivers at the time of the plea colloquy. Mr.

Chemlir has since withdrawn as counsel.

**THE COURT:** All right, but I still have to know that his plea this afternoon is knowing and intelligent, and that means that I have to be satisfied that he understands that in addition to these criminal penalties, the government wants to take from Mr. Rivers property in which he may claim an interest. Do you understand that, sir?

**THE DEFENDANT:** Yes.

(Doc. 212, 9:6–10:1). Again, Defendant Michael Rivers failed to object. It was not until July 14, 2014—more than fourteen months after Defendant Michael Rivers was first notified of the United States' intent to seek forfeiture at his arraignment on the grand jury indictment—that Defendant Michael Rivers raised his first opposition to the forfeiture of any property. (Doc. 214). Further, Defendant Michael Rivers does not explain what his objections might be. Instead, Defendant Michael Rivers requests the Court to set aside the preliminary order of forfeiture solely on the basis that his attorney failed to file objections. (*Id.* at p. 2).

The United States contends, based on communication with Defendant Michael Rivers' counsel, that Defendant Michael Rivers likely objects to the preliminary order of forfeiture to the extent the United States seeks to forfeit property owned by third parties. (Doc. 219, p. 4). Although Defendant Michael Rivers does not hint in his petition any grounds for objection, the Court takes this opportunity to briefly discuss third party claims against forfeitable property.

Federal Rule of Criminal Procedure 32.2(c) provides that third parties who claim an interest in forfeitable property must file a petition with the court to assert the interest. Fed.R.Crim.P. 32.2(c)(1). The court must then conduct an ancillary proceeding to determine the extent, if any, the third party has an interest in the forfeitable property and must amend any order of forfeiture to protect any innocent third party's rights. Fed.R.Crim.P. 32.2(c)(1), (2). Because no third party has filed a petition to assert any interest in the property subject to forfeiture in this case, there is no need for the Court to adjudicate any third party interests under Rule 32.2(c).

 Moreover, a defendant lacks standing to assert a third party's interest in forfeitable property. *E.g., U.S. v. Weidner,* No. 02–40140–01–JAR, 2003 WL 22176085 at *1 (D.Kan. Sept. 17, 2003); *see also* 21 U.S.C. § 853(n)(2) ("Any person, *other than the defendant,* asserting a legal interest in property which has been ordered forfeited to the United States … may … petition the court for a hearing to adjudicate the validity of his alleged interest….") (emphasis added). Therefore, "[t]he proper course of action for a third party to raise his/her interest in a forfeited asset is to petition the court for a hearing to adjudicate the validity of his alleged interest in the property…." *U.S. v. Brown,* No. 04–CR–159–NGG, 2006 WL 898043 at *1 (E.D.N.Y. Apr. 4, 2006) (internal quotation marks omitted). Accordingly, any objection Defendant Michael Rivers may have on the basis that a third party holds an interest in forfeitable property is not his objection to make.

## IV. CONCLUSION

For the aforementioned reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Michael Rivers' Petition to Set Aside the Forfeiture Money Judgment and Preliminary Order of Forfeiture (Doc. 214) is **DENIED**.